## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT DUNCAN,** | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : **CIVIL ACTION NO. 24-CV-1133** |
| | : |
| **CITY OF PHILADELPHIA, *et al.,*** | : |
| **Defendants.** | : |

### MEMORANDUM

**SCOTT, J.**                                                                                                **MAY 2 , 2024**

Plaintiff Robert Duncan initiated this *pro se* civil action against the City of Philadelphia,

District Attorney Larry Krasner, and Assistant District Attorney Josh Mayer. Duncan seeks to

proceed *in forma pauperis.* For the following reasons, the Court will grant Duncan leave to

proceed *in forma pauperis* and dismiss his Complaint.

## I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

The Complaint alleges an improper conviction and sentence due to "criminal trial fixing"

in two state court criminal matters. (*See* Compl. at 4-5 (citing CP-51-CR-0012189-2015 and CP-

51-CR-0004743-2017).)[2]  As alleged, DA Krasner refused to recuse his office even though

Duncan had previously filed a complaint against his wife with the Judicial Conduct Board, and

ADA Myers "allowed Judge Brinkley to try and convict Plaintiff without Plaintiff present on (8-

25-22)." (*Id.* at 5.) As relief, Duncan seeks monetary damages. (*Id.*)

---

[1] The factual allegations set forth in this Memorandum are taken from Duncan's Complaint and
publicly available dockets. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir.
2006) (courts may consider "matters of public record" in determining whether a pleading has
stated a claim).

[2] The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

Duncan submitted an incomplete application to proceed *in forma pauperis* along with his Complaint. (*See* ECF No. 1.) Consequently, by Order dated March 21, 2023, the Court directed Duncan to submit additional financial information to allow the Court to determine whether he had the means to pay the fees to commence this case. (ECF No. 4.) The March 21, 2023 Order also took note of the two state court criminal prosecutions referenced in the Complaint as the basis for Duncan's allegations, and that the state court dockets revealed the defendant in these matters to be James Malone. (*See id.* at 1 (citing *Commonwealth v. Malone*, CP-51-CR-0012189-2015 (C.P. Phila.) and *Commonwealth v. Malone*, CP-51-CR-0004743-2017 (C.P. Phila.)). Duncan was advised that he could not represent another individual in federal court because he is not an attorney. (*Id.*) For purposes of the Order, the Court assumed Robert Duncan to be the real party in interest in this civil case, and noted that further clarification would be needed to resolve the apparent discrepancy. (*Id.* at 2.) Duncan submitted a second application to proceed *in forma pauperis* that included additional financial information, but did not address the name discrepancy. (ECF No. 5.)[3]

## II.    STANDARD OF REVIEW

The Court grants Duncan leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether

---

[3] In addition to a discrepancy in the names of the plaintiff in this civil action and the defendant in the criminal matters whose constitutional rights were allegedly violated, there is a discrepancy in the ages of these individuals. Duncan declared under penalty of perjury in the second *in forma pauperis* application that he was fifty-eight years old as of the date of the form's submission. (*See* ECF No. 5 at 5.) However, the state court dockets referenced in the Complaint indicate that James Malone's birth year is 1971, which would make him fifty-two years old when the *in forma pauperis* application was filed. *See Commonwealth v. Malone*, CP-51-CR-0012189-2015 (C.P. Phila.) and *Commonwealth v. Malone*, CP-51-CR-0004743-2017 (C.P. Phila.).

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quotation omitted). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted). An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

Additionally, the Court must review any claims over which subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). The Court's continuing obligation to assure its jurisdiction includes an assessment of whether a

3

plaintiff has standing to pursue her claims. *See Seneca Res. Corp. v. Twp. of Highland, Elk Cty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness *sua sponte*."); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (explaining that Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies, and that this "requirement is satisfied only where a plaintiff has standing").

## III.   DISCUSSION

A review of the *in forma pauperis* application, the Complaint, and the underlying state court criminal dockets reveals that Robert Duncan and James Malone are two separate individuals. Thus, the Court understands Duncan to bring claims based on alleged violations of James Malone's constitutional rights during two state criminal prosecutions, and to seek compensation on Malone's behalf. However, "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)). Additionally, while Duncan may pursue his own claims as a self-represented litigant, he may not represent another individual in federal court because Duncan is not an attorney. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see also Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court."); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself). Accordingly, the Court must

4

dismiss Duncan's Complaint because Duncan lacks standing to pursue claims based on a

violation of James Malone's constitutional rights. To the extent the Complaint can be liberally

construed to raise claims on Duncan's behalf, the Court cannot discern a plausible basis for a

claim against the Defendants.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Duncan leave to proceed *in forma*

*pauperis* and dismiss the Complaint without prejudice for lack of standing because Duncan

cannot prosecute claims on behalf of James Malone. *See Thorne v. Pep Boys Manny Moe &*

*Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020) ("Dismissal for lack of standing reflects a lack of

jurisdiction, so dismissal of Thorne's amended complaint should have been without prejudice.").

To the extent the Complaint raises claims on Duncan's behalf, those claims will be dismissed for

failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court concludes that

amendment would be futile. An appropriate Order follows.

**BY THE COURT:**

**KAI SCOTT, J.**

5